KAPLAN BROS. *v.* UNITED STATES (No. 3572)[1]

United States Court of Customs and Patent Appeals, May 1, 1933

*Brooks & Brooks* (*Ernest F. A. Place* of counsel) for appellants.
*Charles D. Lawrence,* Assistant Attorney General (*Daniel P. McDonald,* special attorney, of counsel), for the United States.

[Oral argument April 3, 1933, by Mr. Place and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GARRETT, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court overruling a protest against a classification by the collector of customs of an importation of hats under the Tariff Act of 1930.

There is a stipulation as to facts which shows that the merchandise consists—

of hats composed wholly or in chief value of paper, which paper in its condition as such was bleached, thereafter it was braided or woven to form the hats; after the paper was thus braided or woven to form the hats, the completely formed hats were not subjected to any bleaching, dyeing, coloring, or staining process nor were they blocked or trimmed; the hats are bought, sold, and used in the same manner as are hats which are subjected to bleaching, dyeing, coloring, or staining processes after having been formed into hats.

[1] T. D. 46396.

The collector classified the merchandise under subdivision (b) (2) of paragraph 1504 of said tariff act, taking duty at 25 cents per dozen hats and 25 per centum ad valorem.

The importer claimed, and here claims, that they should have been classified under subdivision (b) (1) of paragraph 1504 and assessed at only 25 per centum ad valorem.

The United States Customs Court having overruled the protest, the instant appeal was taken.

The pertinent portions of the paragraph read:

(b) Hats, * * * composed wholly or in chief value of * * * paper * * *:
   (1) Not blocked or trimmed, and not bleached, dyed, colored, or stained, 25 per centum ad valorem;
   (2) not blocked or trimmed, if bleached, dyed, colored, or stained, 25 cents per dozen and 25 per centum ad valorem.

' The stipulation, *supra*, shows that the paper was bleached before being made into the braid which was woven into the hats, and the question at issue is whether, under the proper construction of the paragraph, the hats should be treated as "hats not bleached" or as "hats bleached."

The argument of appellant is based wholly upon the grammatical arrangement of the paragraph.

Subdivision (a) of said paragraph 1504 makes provision for—

Braids * * * composed wholly or in chief value of * * * paper * * * suitable for making or ornamenting hats * * * bleached * * * 25 per centum ad valorem.

Appellant quotes the full text of several subdivisions of the paragraph and directs attention to the fact that, by the usual grammatical construction, the phrase "not blocked or trimmed," in the relation in which it appears, of necessity modifies "hats" and argues that, since "not bleached" and "bleached" appear, respectively, in relatively the same grammatical relations as does "not blocked or trimmed," it logically follows that these phrases also must be held to modify "hats."

In other words, it is insisted that the phrases refer to the article named and that in order to fall within subdivision (2) of subparagraph (b), *supra*, the hats must themselves have been bleached and not simply have been made of a material which had been bleached before being braided.

It is quite obvious that the construction which appellant proposes would produce a most anomalous and illogical tariff result—one not in harmony with the usual course of tariff legislation, in that it would admit hats which, in the form imported, would be bleached in fact, by reason of the bleaching of the paper, at a rate of duty lower than that applicable where the hat itself was the first object of the bleaching process. If one desired to import bleached hats and avoid the

25 cents per dozen duty, he would simply have them made of bleached paper, or, to be more exact, have them made of braid, the paper in which had been bleached.

We find it difficult to reconcile ourselves to the view that Congress intended to so provide.

We think the more reasonable view is contained in the simple statement of fact that the hat is bleached whether the art of bleaching was performed upon the material before it became a hat or upon the hat itself.

The court below overruled the protest without comment, except to declare that the action was taken upon the authority of this court's decisions in the cases of *Dunn* v. *United States*, 2 Ct. Cust. Appls. 65, T. D. 31627, and *Kayser & Co.* (*Inc.*) v. *United States*, 13 Ct. Cust. Appls. 474, T. D. 41367.

Appellant insists that neither of these cases is "in point."

We are of the opinion that the *ratio decidendi* of both decisions is applicable here, the latter case being particularly apropos.

It was there held, quoting from the syllabus, that—

A glove with embroidery on it is an embroidered glove, whether the embroidery was done before or after the glove was made.

This court declared:

From the fact that the points were placed upon the material after the fabric was cut into tranks, and before the tranks were fashioned into gloves, it is contended that the embroidery was not put upon the gloves, but upon the fabric, and that therefore the completed articles were not embroidered gloves. That argument is sophistical and has no sound reason to support it. The work on the points was embroidery, when it was placed on the tranks, and it was no less embroidery after the tranks were converted into gloves.

We find no error in the decision of the Customs Court and its judgment is *affirmed.*